[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs brought this action against the defendant alleging that on July 13, 1998, they were injured when an automobile operated by the defendant collided with their automobile. In the first and fourth count of the complaint, the plaintiffs allege a cause of action based on negligence; in the second and fifth count of the complaint, they allege a cause of action based on recklessness under General Statutes § 14-295; the third count is based on a loss of consortium.
The defendant filed a motion to strike the second and fifth count of the complaint. The defendant contends that these counts are legally insufficient to support a claim for reckless under § 14-295.
For the reasons set forth below, the motion to strike is denied.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged. . . . The court must construe the facts . . . most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580
(1997).
Section § 14-295 provides: "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." While the plaintiffs rely on a number of the enumerated statutes in counts two and five of the complaint, they allege recklessness only with reference to General Statutes § 14-222 and § 14-219. The relevant portions of the complaint, count two (as to Terrance Carroll) and count five (as to Jamie Carroll) contain allegations that: the defendant operated her vehicle with reckless disregard of the safety of plaintiff in that the defendant "operated her motor vehicle at an unreasonable rate of speed and recklessly, having no regard to the width, traffic and use of said highway, the intersection of the streets and the weather conditions then CT Page 2218 and there prevailing in violation Sections 14-219 and 14-222 of the Connecticut General Statutes." (Complaint, count two paragraph 14; Complaint, count five paragraph 14.)
"The Appellate Courts have not had occasion to decide what degree of specificity is required in pleading recklessness under General Statutes § 14-295." Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000, Doherty, J.). "The Superior Court judges are split on the issue. One line of cases . . . holds that a plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence. See McGuire-Kelley v.Sciuto, Superior Court, judicial district of New Haven at New Haven, Docket No. 428860 (October 1, 1999, Devlin, J.); Chatterton v. InfinityInsurance Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 064615 (October 1, 1999, Arnold, J.). . . ." Id.
"The majority point of view, [however], is that a plaintiff; in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295; that the defendant has . . . with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiff's injuries. See Haji-Ahmend v. Lake, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 162876 (September 30, 1999,Hickey, J.); Plimpton v. Amerada Hess Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169861 (September 27, 1999, Karazin, J.); Ditillo v. Van Geerdele, Superior Court, judicial district of Waterbury, Docket No. 149690 (August 3, 1999, Gill, J.);Mediate v. Desaavedra, Superior Court, judicial district of Fairfield at Bridgeport; Docket No. 360768 (June 22, 1999, Skolnick, J.). . . ." Id.
The plain language of § 14-295 requires only that a plaintiff plead recklessness and causation in order for the complaint to support a claim for double and triple damages. "[W]here the meaning of a statute . . . is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it." Fishbein v. Kozlowski, 252 Conn. 38, 46
(1999). Accordingly, this court finds the second line of cases to be more persuasive and agrees that section 14-295 "does not require the same specificity of pleading . . . required to support a cause of action predicted on [common law] recklessness." (Brackets in original.) Torresv. Jacovino, supra, Docket No. 150549.
For the foregoing reasons, the defendant's motion to strike should be and is hereby denied.
Cremins, J. CT Page 2219